IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Leslie Gilliard, Jr., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Michelle King, Acting Commissioner of )<br>Social Security, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 9:24-751-RMG<br><br><br>**ORDER** |

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 D.S.C., this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on January 16, 2025 recommending that the Commissioner's decision be reversed and remanded to the Agency. (Dkt. No. 10). The Commissioner filed an objection to the R & R and Plaintiff filed a reply. (Dkt. Nos. 11, 12).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

**Discussion**

The Magistrate Judge found that the Administrative Law Judge's ("ALJ") decision failed to adequately address Plaintiff's mental health symptoms or build "an accurate and logical bridge" from the evidence to his conclusion that Plaintiff's testimony was not consistent with the record evidence. (Dkt. No. 10 at 13). That is a nice way of saying that the ALJ's decision is so truncated and conclusive that no reviewing court can discern what mental health evidence he considered, how Plaintiff's claims were inconsistent with other record evidence, or the basis of the ALJ's decision not to include any mental limitations in the RFC. The Commissioner urges

the Court to accept the ALJ's decision despite its obvious limitations because "the law only requires the ALJ to set forth a modest statement of reasons" that need not be "elaborate or even sophisticated." (Dkt. No. 11 at 4). While the Court agrees than there is no formal or rigid requirement for an ALJ to explain his decision, the decision must explain how a claimant's symptoms are "consistent or inconsistent with the evidence" and how the ALJ's evaluation of those symptoms led to his conclusions. SSR 16-3P, 2017 WL 51800304 at *8 (October 17, 2017). The ALJ's decision plainly fails to meet this standard, requiring reversal and remand.

## Conclusion

Based on the foregoing, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 10) as the Order, **REVERSES** the decision of the Commissioner pursuant to 42 U.S.C. §405(g), and **REMANDS** the matter to the agency for further action consistent with this Order.

**AND IT IS SO ORDERED.**

s/ Richard M. Gergel  
Richard Mark Gergel  
United States District Judge

Charleston, South Carolina  
February 11, 2025

9:24-cv-00751-RMG     Date Filed 02/11/25     Entry Number 13     Page 4 of 4